# 96 DTA 121

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE MAYAGUEZ Y AGUADILLA**

MIRIAM BERTIN BABILONIA
Demandante-Recurrida

v.

ADMINISTRACION DE COLEGIOS REGIONALES,
UNIVERSIDAD DE PUERTO RICO
Demandados-Peticionarios

Núm. KLCE-96-00600

San Juan, Puerto Rico, a 25 de septiembre de 1996

Panel integrado por su presidente, el Juez Colón Birriel,
el Juez González Román y la Juez Feliciano de Bonilla

Feliciano de Bonilla, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

I

El presente recurso de *Certiorari* fue presentado el 17 de junio de 1996. La peticionaria,

Administración de Colegios Regionales, Universidad de Puerto Rico (en adelante la Universidad), recurre de una Resolución y Orden emitida el 7 de mayo de 1996 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en la que se dictaminó No Ha Lugar a la Moción de Sentencia Sumaria y/o Desestimación presentada por la Universidad. Mediante la referida Resolución, el Tribunal de Primera Instancia denegó la solicitud presentada por la Universidad para que declarara sin lugar la demanda incoada por la parte demandante-recurrida, señora Miriam Bertín Babilonia (en adelante Bertín). Por los fundamentos que exponemos a continuación, se revoca la referida Resolución y Orden emitida por el Tribunal de Primera Instancia.

## II

El 21 de febrero de 1996, Bertín presentó una demanda contra la Universidad solicitando que se le ordenara a la Universidad reponerla en su empleo y/o abstenerse de despedirla del mismo. El 11 de marzo de 1996, la Universidad presentó Moción de Sentencia Sumaria y/o Desestimación por entender que no procedía la demanda presentada en su contra. La reclamación de Bertín se basa en un Contrato de Servicios suscrito entre las partes, con efectividad el 1 de septiembre de 1995 al 30 de junio de 1996. En dicho documento se establece que el contrato podría ser resuelto a discreción por cualquiera de las partes, notificando por escrito a la otra, con treinta (30) días de anticipación a la fecha en que quedaría resuelto el mismo.

En los escritos presentados por las partes se exponen unos hechos no controvertidos. A saber, el 8 de febrero de 1995, Bertín fue notificada sobre una acción disciplinaria por su patrono, Cuerpo de Voluntarios al Servicio de Puerto Rico. Para el 10 de agosto de 1995, Bertín solicitó un puesto de Orientadora, adscrito a la Universidad. Bertín omite decir que estaba empleada todavía en el Cuerpo de Voluntarios y falsamente escribe que estaba desempleada en ese momento y que desde el 10 de enero de 1995 al 30 de junio de 1995 tenía la ocupación de Maestra Residente de CROEM de Mayaguez. El 1ro. de septiembre de 1995, la Administración de Colegios Regionales le extendió el Contrato de Servicio que mencionamos anteriormente. Bertín fue destituida por el Cuerpo de Voluntarios el 26 de septiembre de 1995.

La Universidad notificó a Bertín, el día 2 de febrero de 1996, la terminación del contrato de servicios que tenía con dicha institución efectivo al 29 de febrero de 1996, compensándole su salario hasta esa fecha.

Alega Bertín que la cláusula resolutoria del contrato es contraria a la ley y al orden público, por lo que dicha cláusula es nula; que la Universidad no notificó en el término establecido en el contrato.

La Universidad de Puerto Rico al presentar la mencionada Moción de Sentencia Sumaria expone unos hechos y la acompaña de una serie de documentos, los cuales fueron aceptados por Bertín al presentar una Moción en Oposición a la Sentencia Sumaria y/o Desestimación. Por su parte, Bertín solicita que se dicte sentencia a su favor. A esta oposición se presentó la correspondiente Oposición a Moción del Demandante y Moción de Consignación.

En Resolución y Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, se dictaminó *"A la Moción de Sentencia Sumaria radicada en el caso No Ha Lugar"*. Es de esa determinación que recurre ante nos la Universidad.

## III

Los peticionarios señalan los siguientes errores:

*"A. Erró el Honorable Tribunal de Instancia al declarar no ha lugar la Moción de Desestimación y/o Sentencia Sumaria dado que en el presente caso no existe una controversia de hechos que impida un dictamen en virtud de las Reglas 10.2 y/o 36 de las de Procedimiento Civil.*

*B. Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la Moción de Desestimación y/o Sentencia sumaria dado que en el presente caso no existe controversia de hechos en cuanto a que la recurrida mintió en su solicitud de empleo viciando el consentimiento de la Universidad de Puerto Rico en el acto de contestación, lo cual hace nulo el contrato suscrito entre las partes.*

*C. Erró el Honorable Tribunal de Instancia al declarar no ha lugar la Moción de Desestimación y/o Sentencia Sumaria dado que en el presente caso no existe controversia de hechos en cuanto a que la recurrida carece de expectativa o de interés propietario en el empleo, por lo que procede resolver el contrato de servicio."*

## IV

Es de conocimiento general que la moción para que se dicte sentencia sumaria consagrada en la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, es una herramienta mediante la cual una parte le solicita al Tribunal que adjudique sin la celebración de un juicio. *Cuadrado v. Santiago Rodríguez*, 126 D.P.R. ___ (1990), **90 J.T.S. 59,** 7702.

Específicamente, la Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, dispone que *"una parte contra la cual se haya formulado una demanda... podrá en cualquier momento presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación".*

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, dispone que procede dictar sentencia sumaria *"... si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiese, demostrasen que no hay controversia real sustancial en cuanto a ningún hecho natural y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente".*

La norma establecida es que una moción para desestimar no debe interpretarse liberalmente. El Tribunal Supremo ha expresado que *"una moción de desestimar se interpretará de que únicamente se desestimará la acción si el demandante no tiene derecho a ningún remedio bajo cualquier hecho que él pueda probar en juicio a base de lo que ha alegado en la demanda". Candal v. Radiology Office, Inc.,* 112 D.P.R. 227, 230-31 (1982). No obstante la liberalidad con que se interpretan las alegaciones de una demanda, atacada la suficiencia de éstas mediante moción para desestimar la demanda, si el Tribunal al estudiarla queda plenamente convencido de que en su etapa final el demandante no habrá de prevalecer, la demanda debe ser desestimada. *Figueroa Piñeiro v. Miranda & Eguía,* 83 D.P.R. 554 (1961).

En el presente caso, la Universidad solicitó del foro de instancia que desestimara por sentencia sumaria la demanda en su contra. Bertín aceptó en su Oposición a la Moción de Sentencia Sumaria que por no existir controversia sobre los hechos materiales o esenciales procedía que se dictase sentencia sumaria y sólo se limitó a oponerse al hecho de que si ella era o no empleada gerencial. Bertín al llenar la solicitud de empleo con la Universidad indicó que estaba desempleada, información que no era cierta ya que en ese momento todavía trabajaba para el Cuerpo de Voluntarios al Servicio de Puerto Rico. De dicho empleo, Bertín fue destituida en un proceso administrativo, hecho que tampoco estaba en controversia.

Tampoco existe controversia en cuanto al contrato de servicios suscrito entre las partes efectivo del 1 de septiembre de 1995 al 30 de junio de 1996. Significa que al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2, que permite la desestimación de la acción incoada por razón de no existir causa que permita la concesión de un remedio, no existe controversia en que el contrato es uno con término fijo de duración con cláusulas negociadas y de la interpretación y alcance del mismo no surge ninguna controversia que impida se dicte resolución por vía de la desestimación y/o sentencia sumaria. Por no existir controversia en cuanto a los hechos admitidos por las partes, procede resolver el pleito declarando con lugar la Moción de Sentencia Sumaria presentada por la Universidad. El Primer señalamiento de error fue cometido.

## V

En cuanto al segundo señalamiento de error la Universidad plantea y señala que Bertín mintió en su solicitud de empleo viciando el consentimiento de la Universidad de Puerto Rico en el acto de contestación, lo cual hace nulo el contrato suscrito entre Bertín y la Universidad. Está establecido en nuestro ordenamiento jurídico específicamente en el Artículo 1217 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3404, que *"será nulo el consentimiento prestado por error, violencia, intimidación o dolo". En el Artículo 1221 del Código Civil de Puerto Rico, 31 L.P.R.A., sec. 3408, se establece que*

*"hay dolo cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes, es inducido el otro a celebrar un contrato que, sin ellas, no hubiera hecho".*

Nuestra jurisprudencia ha establecido que *"un contrato es nulo si por falta de algún elemento esencial o porque contraviene un precepto legal, carece de la aptitud necesaria para generar la nueva situación jurídica (efectos jurídicos que traducen la intención práctica) pretendida por las partes en el negocio, que el Derecho atribuye al tipo correspondiente".* Puig Brutau, Fundamentos del Derecho Civil, Barcelona, Bosh, 3ra ed., T. II, Vol. 1, pág. 286, citado en *Besosa Quiñones y Otros v. Corp. Azucarera de P.R. y Otros,* **95 J.T.S. 13.**

Como ya hemos expresado, *"la falta de uno de los requisitos esenciales para la validez del contrato produce la nulidad. Siendo el consentimiento uno de estos requisitos, es necesario que éste se haya prestado libre y voluntariamente. El dolo afecta esta libre formación de la voluntad, ya que dicha declaración no es consciente ni inteligente, por lo que vicia el consentimiento prestado por una de las partes contratantes."* Según Puig Brutau, Compendio Derecho Civil, Barcelona, Bosh, 2da ed., 1994, Vol. II, pág. 193, define dolo como *"la maquinación o artificio de que se sirve uno de los contratantes para engañar al otro".* Como vicio del consentimiento, es el error que una de las partes ha provocado maliciosamente en la otra.

Nuestro ordenamiento jurídico requiere para que se produzca la nulidad del contrato por dolo que: (a) ha de concurrir un acto ilícito que el Código describe como *"palabras o maquinaciones insidiosas",* (Artículo 1221); tiene que existir la intención de engañar; (b) el dolo ha de ser grave y utilizado sólo por una de las partes, (Artículo 1222, Código Civil). *Márquez v. Torres Campos,* 111 D.P.R. 854, 863-865 (1982); *Acosta & Rodas, Inc. v. Praico,* 112 D.P.R. 583, 616-617 (1982); *García López v. Méndez García,* 102 D.P.R. 383, 893 (1974); *Capó Caballero v. Ramos,* 83 D.P.R. 650, 671-673 (1961).

En las obligaciones bilaterales o recíprocas, cuando uno de los obligados no cumple con lo que se obligó, el Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3052, provee para que el perjudicado tenga el derecho de escoger entre exigir el cumplimiento o la resolución de la obligación con el resarcimiento de daños y abono de intereses en ambos casos. *Unisys Puerto Rico, Inc. v. Ramallo Brothers Printing, Inc.,* **91 J.T.S. 69.** Dispone el Artículo 1077, ya mencionado, que:

*"La facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpla con lo que le incumbe.*

*El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de interés en ambos casos. También podrá optar pedir resolución, aún después de haber optado por el cumplimiento, cuando éste resultare imposible."*

*"El Tribunal decretará la resolución que se reclame a no haber causas justificadas que le autoricen para señalar plazo... El contratante que ejercite este derecho de resolución no ha de haber incurrido por su parte en incumplimiento. En caso de incumplimiento parcial, justifica el ejercicio de la acción resolutoria. Si la prestación se ha efectúado, pero de manera defectuosa, implica la frustración de la finalidad contractual de la parte perjudicada, por lo que procederá decretar la resolución."* Puig Brutau, Compendio de Derecho Civil, Barcelona, Bosh, 2da ed., 1994, Vol. II, pág. 29.

Estamos de acuerdo con la peticionaria que su consentimiento se obtuvo por dolo. En el caso que nos ocupa, se configura el dolo por parte de Bertín. De los hechos incontrovertidos así como de los documentos sometidos, se desprende que Bertín ofreció información falsa insidiosamente a la Universidad al indicar, en la solicitud de empleo, que para la fecha de contratación estaba desempleada cuando en realidad para esa misma fecha trabajaba para el Cuerpo de Voluntarios al Servicio de Puerto Rico. Era un aspecto esencial para la Universidad el conocer si Bertín estaba o no empleada al momento de otorgar el contrato. Constituye dolo el haber callado o haber dado una información falsa sobre una circunstancia importante respecto al objeto del contrato, en este caso el haber estado empleada al momento de la contratación. Bertín admitió en su oposición a la Moción de Sentencia Sumaria presentada por la Universidad, haber brindado la información de que se encontraba

desempleada al momento de la solicitud de empleo. Además, como es admitido por Bertín, ésta había sido notificada por el Cuerpo de Voluntarios el 8 de febrero de 1995 con una acción disciplinaria, ocultando este hecho al momento de la contratación. Luego, es informada por una Resolución emitida por Oficial Examinador en un proceso administrativo, de la destitución al puesto que ocupaba en tal dependencia gubernamental, información que nunca brindó a la Universidad, siendo evidente su récord deficiente.

Habiendo sido Bertín la que con sus propios actos provocó la nulidad del contrato, no procede el reclamo de un alegado incumplimiento. de las cláusulas.en él establecidas. Por otro lado, habiendo efectúado su obligación para con la Universidad, de manera defectuosa, procede ejercitar la acción resolutoria por parte de la institución. El segundo error señalado fue cometido.

Toda vez que el contrato en cuestión es nulo e inexistente, no es necesario discutir el tercer señalamiento de error.

Por los fundamentos expresados, expedimos el auto solicitado y revocamos la resolución emitida por el Tribunal de-Primera Instancia, Sala Superior de Aguadilla,.de fecha 7 de mayo de 1996.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau<br>
Secretaria General